# Fully Executed Settlement Agreement

# Part 1 of 3

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

*ATENCIO, ET AL. v. CITY OF AZUSA*
Case No. 5:17-CV-01892-DMG-AGR

&

*POULOS, ET AL. v. CITY OF AZUSA*
Case No. 2:17-CV-04520-DMG-AGR

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

**This Document is subject to Public Disclosure**

This is a settlement agreement ("**AGREEMENT**") between Defendant CITY OF AZUSA ("**CITY**" or "**DEFENDANT**") and Plaintiffs EVAN ATENCIO, DENNIS TREMBLAY, AND ALL PLAINTIFFS WHO HAVE FILED CONSENTS TO JOIN (collectively, "***ATENCIO* PLAINTIFFS**") in the collective action case entitled *Atencio, et. al. v. City of Azusa* (C.D. Cal. Case No. 5:17-CV-01892-DMG-AGR) ("***ATENCIO* ACTION**") and Defendant CITY and PLAINTIFF JASON POULOS AND BRANDON BAILEY (collectively, "***POULOS* PLAINTIFFS**") in the case entitled *POULOS, et. al. v. City of Azusa* (C.D. Cal. 2:17-CV-04520-DMG-AGR) ("***POULOS* ACTION**"). The *ATENCIO* PLAINTIFFS and *POULOS* PLAINTIFFS are sometimes hereinafter referred to collectively as "**PLAINTIFFS.**" The *ATENCIO* ACTION and *POULOS* ACTION are sometimes hereinafter referred to collectively as "**ACTIONS.**" Each party is sometimes hereinafter referred to individually as "**PARTY**" and collectively as "**PARTIES.**"

## RECITALS

This AGREEMENT is made with reference to the following facts:

A.    On September 15, 2017, current CITY safety employees EVAN ATENCIO and DENNIS TREMBLAY filed the *ATENCIO* ACTION on behalf of themselves and all similarly situated individuals, a civil complaint against CITY, in the U.S. District Court for the Central District of California, Case No. 5:17-CV-01892-DMG-AGR, alleging violations of the Fair Labor Standards Act ("FLSA") and seeking unpaid wages, liquidated damages, and attorneys' fees and costs based, in part, on the recent Ninth Circuit decision in *Flores v. City of San Gabriel*, 824 F.3d 890 (9th Cir. 2016) ("***FLORES* DECISION**"), which held cash-in-lieu of health benefits and cafeteria plan contributions shall be included in employees' regular rate of pay, and thus in the calculation of the overtime rate, unless the cafeteria benefits plan is a "bona fide plan" under the provisions of the FLSA. On November 7, 2017, the *ATENCIO* PLAINTIFFS filed an amended complaint further alleging CITY failed to include payments made in lieu of holidays in the calculation of the regular rate of pay for purposes of calculating overtime compensation under the FLSA and failed to pay cashed out compensatory time off ("CTO") at the regular rate of pay. Multiple employees have filed consents to join the *ATENCIO* ACTION. A list of all *ATENCIO* PLAINTIFFS is attached

1

hereto as <u>Exhibit A-1</u> and incorporated herein by this reference. All the *ATENCIO* PLAINTIFFS are or were employed by CITY during the operative period of the *ATENCIO* ACTION. The *ATENCIO* PLAINTIFFS allege they are entitled to recover unpaid overtime and unpaid CTO cash outs from September 15, 2014 to the present, plus liquidated damages in an equal amount, and attorney fees and costs.

B. CITY timely answered the *ATENCIO* amended complaint, generally denying all allegations and raising multiple affirmative defenses.

C. On June 19, 2017, certain current or former employees of CITY filed the *POULOS* ACTION, a civil complaint against CITY, in the U.S. District Court for the Central District of California, Case No. 2:17-CV-04520-DMG-AGR, also alleging CITY failed to include cash-in-lieu of health benefits and/or cafeteria plan contributions in the *POULOS* PLAINTIFFS' overtime rate of pay. On December 21, 2017, the parties in the *POULOS* ACTION stipulated to allow the *POULOS* PLAINTIFFS to file a Second Amended Complaint adding additional named plaintiffs, and further alleging CITY failed to include payments made in lieu of Holiday Leave in the overtime rate as required by the FLSA. A list of all *POULOS* PLAINTIFFS is attached hereto as <u>Exhibit A-2</u> and incorporated herein by this reference. The Court granted the parties' stipulation for leave to file a Second Amended Complaint on December 29, 2017. All the *POULOS* PLAINTIFFS are or were employed by CITY during the operative period of the *POULOS* ACTION.

D. In an effort to resolve the issues raised in the ACTIONS, the PARTIES have engaged in extensive negotiations regarding these matters, during which time PLAINTIFFS agreed to voluntarily refrain from filing a motion for facilitated notice. CITY disputes all the PLAINTIFFS' allegations that they are owed additional unpaid wages. Throughout these negotiations, the PARTIES were and continue to be represented by counsel experienced in wage and hour, employment and labor matters.

E. The PARTIES wish to avoid the potential uncertainty, expense, and delay of litigation and have therefore, based on their extensive negotiations, mutually agreed to a settlement of their disputes. The PARTIES understand the potential recovery at trial remains unknown, but the PARTIES believe the terms of this AGREEMENT are consistent with and within the range of a reasonable result the *ATENCIO* and *POULOS* PLAINTIFFS might expect to obtain after a trial if they were to prevail on their assertions that they are owed unpaid overtime based on the *FLORES* DECISION, and taking into account significant potential setoffs available to CITY based on its past overtime payments in excess of FLSA requirements.

F. The PARTIES now desire to resolve all of the outstanding issues in the above-described lawsuits, and to that end, enter into this AGREEMENT.

NOW THEREFORE, the PARTIES hereto agree, warrant, and represent as follows:

## TERMS

1.    **Resolution of Claims.** The following provisions address the claims raised by the *ATENCIO* and *POULOS* PLAINTIFFS in the ACTIONS and those of current or former employees of CITY who have similar claims ("PUTATIVE PLAINTIFFS") arising in the past, up to and including the effective date of this AGREEMENT:

a.    The CITY has allocated a Total Settlement Amount of $1,507,215.13 ("**TOTAL SETTLEMENT AMOUNT**"). From this TOTAL SETTLEMENT AMOUNT, CITY shall pay a total amount of $1,407,215.13 ("**TOTAL PAYMENT**") as the maximum amount to be paid to PLAINTIFFS and PUTATIVE PLAINTIFFS to settle this case, not including attorneys' fees and costs. The TOTAL PAYMENT represents the total amount of unpaid overtime and unpaid CTO cash outs owed to PLAINTIFFS and PUTATIVE PLAINTIFFS over the period of June 19, 2014 through December 31, 2017, as well as liquidated damages. The TOTAL PAYMENT includes: (i) $362,623.76 in damages to PLAINTIFFS, and (ii) $1,144,591.37 in damages to PUTATIVE PLAINTIFFS who have been provided their individually calculated back pay without having to opt into the ACTIONS.

From the TOTAL SETTLEMENT AMOUNT, and in addition to the TOTAL PAYMENT made to PLAINTIFFS and PUTATIVE PLAINTIFFS, CITY shall also pay One-hundred thousand dollars ($100,000.00) in attorneys' fees and costs. The PARTIES agree the fees and costs agreed to herein are fair and reasonable, given the time and costs expended and the fact that the fees equal only about 6.63% of the TOTAL SETTLEMENT AMOUNT paid by CITY to settle the ACTIONS. The attorneys' fees and costs shall be divided equally between the law firms of Mastagni Holstedt, PLAINTIFFS' Counsel in the *ATENCIO* ACTION, and the Dammeier Law Firm, PLAINTIFFS' Counsel in the *POULOS* ACTION.

b.    The amount paid to each PLAINTIFF and PUTATIVE PLAINTIFF is a pro rata distribution of the TOTAL PAYMENT, based upon the number of contract overtime hours each PLAINTIFF or PUTATIVE PLAINTIFF worked between June 19, 2014 and December 31, 2017, the amount of their cash-in-lieu of health benefits payments and cash-in-lieu of holiday leave payments, and the amount of CTO cash outs ("**DAMAGES PAYMENT**"). To determine the amount of unpaid overtime owed to each PLAINTIFF and PUTATIVE PLAINTIFF, CITY verified the amount of monies provided to Plaintiffs for either the cash-in-lieu of health benefits, or cash-in-lieu of holiday leave, or both. This amount was annualized and divided by the number of regularly scheduled hours each employee worked in a given year, to arrive at the alleged hourly regular rate of pay shortage. This hourly regular rate shortage amount was then multiplied by 1.5 and then multiplied by all overtime hours the employee worked or was deemed to work, including contract overtime hours in excess of FLSA-recognized overtime hours, pursuant to the terms of the applicable CITY Memorandum of Understanding ("MOU") with employee organizations, within a given year. The hourly regular rate shortage amount was also added to an employee's regular rate of

pay and multiplied by the number of CTO hours that were cashed out by an employee in a given year. No other credits or offsets otherwise available to CITY pursuant to 29 U.S.C. Section 207(h)(2) were applied in making these calculations. The amounts received by PLAINTIFFS are listed in <u>Exhibit B</u> attached hereto. The amounts received by PUTATIVE PLAINTIFFS are listed in <u>Exhibit C</u> attached hereto.

c.      Each PLAINTIFF'S signature on this AGREEMENT constitutes an acknowledgment of the individual settlement payment to that employee, affirming the DAMAGES PAYMENT is accepted as fair, just, and reasonable, and constitutes a full and complete payment in resolution of all claims asserted in the ACTIONS against CITY.

d.      The PARTIES agree that this methodology is fair, just, and reasonable with respect to the legal value of the claims of the PLAINTIFFS and PUTATIVE PLAINTIFFS.

e.      CITY disputes it owes the overtime wages or additional CTO cash outs asserted by PLAINTIFFS in the ACTIONS, since even if it has overtime liability, it contends it has substantially overpaid PLAINTIFFS' overtime wages far in excess of FLSA overtime requirements. To resolve this dispute, CITY has agreed to pay each employee the DAMAGES PAYMENT, which combined is the TOTAL PAYMENT, to avoid the uncertainty of and costs incurred in litigation. The settlement amounts listed in <u>Exhibits B and C</u> represent payment of an agreed-upon amount for all overtime compensation and CTO cash outs allegedly owed to PLAINTIFFS and PUTATIVE PLAINTIFFS and all amounts allegedly owed for liquidated damages, a one-year extension of the statute of limitations, and any and all other damages and/or relief recoverable in the litigation, as well as attorneys' fees and costs, for the full liability period applicable to the litigation.

2.      **Process for Resolution of Claims of Putative Plaintiffs.**  PLAINTIFFS' counsel in the *ATENCIO* ACTION brought this action on behalf of all similarly situated individuals. The *ATENCIO* PLAINTIFFS intended to move for conditional certification and facilitated notice to those similarly situated to the *ATENCIO* PLAINTIFFS. The PARTIES agreed to delay the filing of *ATENCIO* PLAINTIFFS' motion and related notice to finalize a settlement of the *ATENCIO* ACTION and the terms of this AGREEMENT, which provides PUTATIVE PLAINTIFFS the same DAMAGES PAYMENT provided to *ATENCIO* and *POULOS* PLAINTIFFS in the ACTIONS. During the settlement negotiations, the PARTIES engaged in settlement discussions which included extending any agreed back pay and liquidated damages to all current and former CITY employees who have not yet opted into either the *ATENCIO* or *POULOS* ACTIONS.

3.      **Method of Payment.**  CITY tendered payment to all PLAINTIFFS and all PUTATIVE PLAINTIFFS on or about January 11, 2018.

4.      **Prospective Relief.**  Commencing with the pay period including January 1, 2018, the CITY modified its calculation of its overtime rate of pay for FLSA and contract overtime to include the amounts paid as cash-in-lieu of health benefits and cash-in-lieu of holiday leave

4

payments provided to each employee, and began paying CTO cash outs at the regular rate of pay.

5.    **Tax consequences.**

    a.    PLAINTIFFS acknowledge that no CITY PARTY (defined as all of CITY'S departments, officers, elected officials, employees, attorneys and agents and any other person acting by, through, or in concert with it) has made any promise, representation or warranty, express or implied, regarding the tax consequences that may be imposed by state or federal taxing authorities on any consideration paid pursuant to the terms of this AGREEMENT.

6.    **Attorneys' fees and costs.**  As described above, CITY will pay attorneys' fees and costs in the amount of $100,000. One-half of said attorneys' fees and costs shall be paid to the law firm of Mastagni Holstedt, APC, tax identification number 94-2678460 as payment for attorneys' fees and costs incurred in connection with the *ATENCIO* ACTION, and one-half of said attorneys' fees and costs shall be paid to the Dammeier Law Firm, tax identification number 56-5597029, as payment for attorneys' fees and costs incurred in connection with the *POULOS* ACTION. Payment shall be as specified in Paragraph 27 below. Except as otherwise expressly provided herein, each PARTY shall be responsible for the payment of their own costs, attorneys' fees, and all other expenses incurred in connection with the above-described litigation and any matter or thing relating to this AGREEMENT and the RELEASED CLAIMS, as defined in Paragraph 8 below.

7.    **Dismissal of litigation.**  Each PLAINTIFF will dismiss with prejudice the subject litigation and will withdraw or dismiss any other related complaint, claim, grievance, or charge for overtime compensation and/or CTO cash outs that he/she has filed against CITY in state or federal court, or with an administrative agency, including but not limited to the United States Department of Labor and the California Labor Commissioner, up to the date he/she executes this AGREEMENT. To accomplish the dismissal of the ACTIONS, counsel for the PARTIES shall jointly execute, and the PARTIES shall approve, the Stipulation and Order substantially in form attached hereto as <u>Exhibit D</u>. The PARTIES expressly consent to and authorize their counsel to execute the Stipulation and Order and to seek Court approval of the Stipulation and Order on their behalf. The PARTIES shall submit the Stipulation and Order to the Court at the earliest opportunity after all PARTIES have fully completed an individual signature page and shall jointly request the Court to accept and approve the Stipulation and Order. If for any reason the Court declines to enter and approve the Stipulation and Order, the PARTIES shall promptly meet and confer in a good faith effort to prepare a form of stipulation and order, or other similar decree, acceptable to the Court and consistent with the terms of this AGREEMENT. Should the Court refuse to approve the terms of this AGREEMENT, the PARTIES shall promptly meet and confer in a good faith effort to prepare a form of settlement agreement acceptable to the Court.

8.    **Release of all claims.** In consideration of the covenants undertaken herein, upon final approval by the Court of this AGREEMENT, the PLAINTIFFS shall be deemed to have fully, finally, and forever released CITY, and all of its departments, officers, employees, attorneys and agents and any other person acting by, through, or in concert with it, from any and all claims, charges, grievances, complaints, allegations, and causes of action for compensation, damages, injunctive relief, declaratory relief, costs, attorneys' fees or any other form of relief of any nature whatsoever, whether the existence, nature or extent of the released claim is known or unknown, suspected or unsuspected, which the releasing parties have or might have, or which the releasing parties at any time heretofore had or might have had, claimed to have or may claim to have against the released parties arising in, or in connection with, or out of the ACTIONS described above and any such claim related to, arising in, or in connection with, or out of the claims described above, whether filed in state or federal court, or with a state, federal or local administrative agency ("**RELEASED CLAIMS**") through the date of execution of this AGREEMENT.

9.    **Waiver of California Civil Code Section 1542.** Upon final approval of this AGREEMENT by the Court, PLAINTIFFS will be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits he or she may otherwise have had with respect to the RELEASED CLAIMS through the date of execution of this AGREEMENT pursuant to California Civil Code section 1542, which provides:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

10.    **Unanticipated consequences.** The PARTIES recognize and acknowledge that factors which have induced them to enter into this AGREEMENT may turn out to be incorrect or to be different from what they had previously anticipated, and the PARTIES hereby expressly assume any and all of the risks thereof and further expressly assume the risks of waiving the rights provided by California Civil Code section 1542.

11.    **No admissions.** This AGREEMENT affects claims and demands which are disputed by and between the PARTIES, and by executing this AGREEMENT, no PARTY admits or concedes any of the claims, defenses, or allegations which were raised or could be raised by any other PARTY or any third party. Neither this AGREEMENT nor any part of this AGREEMENT shall be construed to be an admission of by any party of any violation of law or of any lack of conformity with the FLSA, nor shall this AGREEMENT nor any part of it, nor any settlement negotiations or earlier drafts of this AGREEMENT, be admissible in any proceeding as evidence of such an admission. This AGREEMENT may be introduced in a proceeding solely to enforce the terms of this AGREEMENT, and may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted or attempted with respect to any of the RELEASED CLAIMS.

12.    **Warranty of non-assignment.** The PARTIES warrant that they have not assigned any of the claims or portions of the claims that are the subject of this AGREEMENT.

13.   **No unwritten representations.** Each PARTY represents that in executing this AGREEMENT, the PARTY does not rely upon and has not relied upon any representation, promise, or statement not expressly contained herein.

14.   **Complete agreement.** This AGREEMENT is the complete agreement between the PARTIES and supersedes any prior agreements or discussions between the PARTIES.

15.   **California and federal law.** This AGREEMENT is executed and delivered in the State of California, and the rights and obligations of the PARTIES hereunder shall be construed and enforced in accordance with the laws of the State of California and to the extent necessary in accordance with federal law.

16.   **Interpretation and construction.** Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the PARTY or PARTIES preparing this AGREEMENT or the documents referred to herein, on the understanding that the PARTIES participated equally in the negotiation and preparation of the AGREEMENT and the documents referred to herein or have had equal opportunity to do so. This AGREEMENT has been arrived at through negotiation and none of the PARTIES is to be deemed the PARTY who prepared this AGREEMENT or caused any uncertainty to exist within the meaning of Civil Code section 1654. The headings used herein are for reference only and shall not affect the construction of the AGREEMENT.

17.   **Breach, waiver and amendment.** No breach of this AGREEMENT or of any provision herein can be waived except by an express written waiver executed by the party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision of this AGREEMENT. This AGREEMENT may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the PARTIES hereto or their authorized representatives.

18.   **Exhibits.** The following exhibits are attached hereto and incorporated by reference:

A-1.   List of all PLAINTIFFS in *ATENCIO* ACTION;

A-2.   List of all PLAINTIFFS in *POULOS* ACTION;

B.   List of DAMAGES PAYMENTS paid to each joined PLAINTIFF;

C.   List of DAMAGES PAYMENTS paid to each PUTATIVE PLAINTIFF;

D.   Stipulation and Order Approving Settlement for *ATENCIO* and *POULOS* ACTIONS.

19.   **AGREEMENT does not establish precedent.** The PARTIES agree the terms of this AGREEMENT will not establish any precedent, nor will this AGREEMENT be used as a basis by the PARTIES to seek or justify similar terms in any subsequent case and it may not be used by anyone else to seek or justify similar terms in any subsequent case.

20.    **Authority to execute.**  Each PARTY hereto warrants to the other PARTIES that he has the full power and authority to execute, deliver and perform under this AGREEMENT and all documents referred to herein, and that any needed consent or approval from any other person has been obtained, subject to Paragraph 30 below.

21.    **Counterparts.**  This AGREEMENT may be executed by the PARTIES in any number of counterparts, all of which taken together shall be construed as one document.

22.    **Effective date.**  The effective date of this AGREEMENT shall be the date the last signatory executes this AGREEMENT.

23.    **Duty to act in good faith.**  The PARTIES shall act in good faith and use their reasonable good faith efforts after the execution of this AGREEMENT to ensure that their respective obligations hereunder are fully and punctually performed, including but not limited to making reasonable efforts to seek Court approval of this AGREEMENT. The PARTIES shall promptly perform any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this AGREEMENT.

24.    **Binding on successors and assigns.**  This AGREEMENT and all documents referred to herein shall bind and inure to the benefit of each of the PARTIES hereto, their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys, successors and assigns.

25.    **No third party beneficiaries.**  With the exception of the PUTATIVE PLAINTIFFS, this AGREEMENT is not for the benefit of any person not a party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. This AGREEMENT is not intended to constitute a third party beneficiary contract.

26.    **Time of the essence**.  Time is of the essence in this AGREEMENT.

27.    **Time for performance.**

a.    Upon approval by counsel for the parties as to form, this AGREEMENT shall be submitted to all PARTIES for approval and signature, and to the City Council for approval and signature by CITY. If approved by the PARTIES and City Council, counsel for the PARTIES will execute the Stipulation and Order attached hereto as Exhibit D, as described in Paragraph 6 herein.

b.    Payment of the individually-calculated DAMAGES PAYMENTS (less withholdings), to the PLAINTIFFS identified in Exhibit B and to the PUTATIVE PLAINTIFFS identified in Exhibit C occurred on or about January 11, 2018. Notwithstanding anything in this AGREEMENT or the date that payment of the individually-calculated DAMAGES PAYMENTS were made by the CITY to any PLAINTIFF, all PLAINTIFFS must sign this AGREEMENT.

c.    The attorneys' fees payments by the CITY to Mastagni Holstedt, APC, and the Dammeier Law Firm shall occur no later than thirty (30) calendar days after the Court files its Order approving this AGREEMENT.

28.    **AGREEMENT signed knowingly and voluntarily after opportunity to consult with counsel.** The PARTIES understand and agree to this AGREEMENT and to the terms and conditions contained herein and enter into this AGREEMENT knowingly and voluntarily. PLAINTIFFS have been advised they have the right to seek legal advice with respect to this AGREEMENT, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice. The PARTIES have investigated the facts pertaining to this AGREEMENT and all matters pertaining thereto as deemed necessary. The PARTIES have relied on their judgment, belief, knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms. By signing this AGREEMENT and the documents referenced to herein, the PARTIES signify their full understanding, agreement, and acceptance of the AGREEMENT and the Stipulation and Order attached hereto as Exhibit E.

29.    **Savings Clause.** If any term, condition, provision or part of this AGREEMENT is determined to be invalid, void or unenforceable for any reason, the remainder of this AGREEMENT will continue in full force and effect.

30.    **City Council approval.** This AGREEMENT is conditioned upon approval by the City Council of CITY.  Defense counsel for the CITY agrees to recommend to the City Council that this AGREEMENT be approved. Should this AGREEMENT not be approved by the City Council, it shall be deemed null and void *ab initio* and of no legal effect whatsoever.

[Signatures on following pages]

IN WITNESS WHEREOF, the PARTIES hereto have executed this AGREEMENT on the date written below.

Dated: 1/23/18

_____
Evan Atencio, Plaintiff

Dated: _____

_____
Dennis Tremblay, Plaintiff

Dated: 2/5/18

_____
Don Penman, Interim City Manager
Authorized Representative for Defendant
City of Azusa

APPROVED AS TO FORM AND CONTENT

Dated: 1/17/18

**MASTAGNI HOLSTEDT, APC**

_____
DAVID E. MASTAGNI
Attorneys for *Atencio* Plaintiffs

Dated: 1-17-18

**DAMMEIER LAW FIRM**

_____
DIETER DAMMEIER
Attorney for *Poulos* Plaintiffs

Dated: 1/17/18

**BEST BEST & KRIEGER LLP**

_____
CYNTHIA M. GERMANO
Attorneys for Defendant, City of Azusa

10

IN WITNESS WHEREOF, the PARTIES hereto have executed this AGREEMENT
on the date written below.

Dated: _____

_____
Evan Atencio, Plaintiff

Dated: 01-30-18

_____
Dennis Tremblay, Plaintiff

Dated: 2|5|18

Don Penman

_____
Don Penman, Interim City Manager
Authorized Representative for Defendant
City of Azusa

APPROVED AS TO FORM AND CONTENT

MASTAGNI HOLSTEDT, APC

Dated: 1/17/18

_____
DAVID E. MASTAGNI
Attorneys for *Atencio* Plaintiffs

DAMMEIER LAW FIRM

Dated: 1-17-18

_____
DIETER DAMMEIER
Attorney for *Poulos* Plaintiffs

BEST BEST & KRIEGER LLP

Dated: 1/17/18

_____
CYNTHIA M. GERMANO
Attorneys for Defendant, City of Azusa

10

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: ___1/23/18___

_____
Plaintiff (Signature)

# Thomas Avila III

_____
Plaintiff (Print Name)

11

PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _1-18-18_

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

11

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 1-19-18

Plaintiff (Signature)

Starr Henchey

Plaintiff (Print Name)

11

Azusa FLSA Case

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 1-18-18

Plaintiff (Signature)

SAM JAREEGUI

Plaintiff (Print Name)

11

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT
AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL
KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the
terms and conditions contained in this Settlement Agreement and Release, as set forth in the
above. I have been given the opportunity to seek the advice of counsel with respect to any
questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 1/21/18

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

11

PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 1/22/18

Plaintiff (Signature)

KELLI J. McMATH

Plaintiff (Print Name)

11

PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 1-19-18

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)

11

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _01-18-18_

_____
Plaintiff (Signature)

_____
Plaintiff (Print Name)  STEVEN RODRIGUEZ

11

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 1-18-18

_____
Plaintiff (Signature)

Lauren Santamaria
Plaintiff (Print Name)

11

PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: _1-19-2018_

_____
Plaintiff (Signature)

_Rosa Sok_
_____
Plaintiff (Print Name)

11

PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: ___1/22/17___          _____
                              Plaintiff (Signature)

                              _Kathleen Soliven_____
                              Plaintiff (Print Name)

11

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 1-17-18

Plaintiff (Signature)

Plaintiff (Print Name)

11

**PLEASE READ THE ABOVE AGREEMENT CAREFULLY. THIS SETTLEMENT AGREEMENT AND GENERAL RELEASE INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

I, the undersigned, by signing below, hereby acknowledge that I understand and agree to the terms and conditions contained in this Settlement Agreement and Release, as set forth in the above. I have been given the opportunity to seek the advice of counsel with respect to any questions I might have regarding my rights and obligations under this settlement agreement.

Dated: 1/18/18

_____
Plaintiff (Signature)

Maria Veronica Vega
Plaintiff (Print Name)

11